**SO ORDERED.**

**SIGNED March 31, 2009.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

DAVID LYN CRAIG                                              CASE NO. 07-51519

    Debtor                                                   Chapter 7
------------------------------------------------------------------
DAVID LYN CRAIG

    Plaintiff

VERSUS                                                       ADV. PROCEEDING NO. 08-5020

NATHAN SIMS, DEEP SOUTH NURSERY AND
LANDSCAPE, LTD., REGIONS BANK, and
GULF SOUTH OILFIELD RENTALS, INC.

    Defendants

------------------------------------------------------------------
MEMORANDUM RULING
------------------------------------------------------------------

    Debtor, David Lyn Craig, filed this adversary proceeding to determine the extent, validity and priority of liens which may

encumber the family home. There are numerous judgments against the Debtor affecting the property but the issue in dispute herein involves two mortgages, one in favor of Regions Bank and the other in favor of Nathan Sims. Nathan Sims has filed a Motion for Partial Summary Judgment requesting a finding that he has a validly perfected security interest in the Debtor's residence, which primes the liens held by Deep South Nursery and Landscape, Ltd., Regions Bank and Gulf South Oilfield Rentals, Inc. Both Regions Bank and Gulf South Oilfield Rentals, Inc. oppose the Motion. A hearing on the Motion was held on January 13, 2009, at which time the matter was taken under advisement.

## **JURISDICTION**

The court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. § 1334. The court finds that this is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2). These Reasons for Decision constitute the court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, discovery products on file, and affidavits show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P 56(b). The purpose of summary judgment is to pierce the pleadings and to assess the proof

to determine whether there is a genuine need for trial. See Matsushita Electric Industries v. Zenith Radio Corp. 475 U.S. 574, 587 (1986). Summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Where, as here, the movant does not bear the burden of persuasion, the movant may satisfy its summary judgment burden by pointing to an absence of evidence supporting an essential element of the non-moving party's claim. Id. at 324-326. Assuming that the movant has met this burden, the non-movant must come forward with "substantial evidence" supporting the essential elements challenged in the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "Substantial evidence" is evidence that is sufficient to withstand a motion for direct verdict and to support the verdict of a reasonable jury. Id. The non-movant cannot rely on unsupported assertions or arguments to survive summary judgment.

## BACKGROUND

On August 19, 2003, the Debtor executed a Mortgage in favor of Regions Bank. However, the Mortgage was originally recorded in the incorrect parish and was not properly recorded in Vermilion Parish until March 30, 2007. On November 16, 2006, a Collateral Mortgage was executed in favor of Holder and is currently held by Nathan Sims. According to the mortgage records of Vermilion Parish, the following encumbrances are listed:

(1) Judgment dated April 14, 2005, held by Richard Meaux d/b/a Spic N' Span in the amount of $1,719.14;

(2) Collateral Mortgage dated November 16, 2006 in favor of Holder, in the sum of $500,000;

(3) Judgment dated January 17, 2007 in favor of Deep South Nursery and Landscape in the amount of $3,626.99;

(4) Mortgage in favor of Regions Bank in the amount of $267,000; and

(5) Judgment dated April 2, 2007 in favor of Gulf South Oilfield Rentals, Inc. in the amount of $1,151,596.74.  (<u>See</u> Exhibit J to Sims Motion for Summary Judgment.)

## **LAW AND ANALYSIS**

Nathan Sims asserts that according to the public records, his Collateral Mortgage ranks second only to the judgment held by Richard Meaux and primes the Mortgage held by Regions Bank as well as the other judgments.  Mr. Sims has submitted affidavits setting forth that the current balance on the Collateral Mortgage is $330,521.00, plus accrued interest through November 30, 2008, in the amount of $62,176.06, plus continuing accruing interest as well as attorney fees and costs in the amount of 25% of all principal and interest owed.

Regions Bank disputes the Motion on two grounds.  First, Regions argues that Mr. Sims was aware of the Regions Mortgage and intended the Collateral Mortgage to be a second ranking mortgage.

Regions argues therefore that the Regions Mortgage should prime the Collateral Mortgage held by Mr. Sims. Second, Regions asserts that the Collateral Mortgage should only secure sums personally loaned to Mr. Sims.

### 1. Ranking

The Louisiana Public Records Doctrine clearly provides that the rights and obligations created by an instrument which creates a right as to immovable property are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records. LSA-C.C. Article 3338. Regions argues that there should be an exception to the Public Records Doctrine and cites a recent case in support of that argument. In the case of <u>Cannata v. Bonner</u>, 982 So.2d 968 (La.App. 3rd Cir. 2008), the court held that a party was not an innocent third party because that party's attorney had actual knowledge of an existing property dispute. The court therefore held that a lis pendens is not necessary when the third person has actual notice of the pending litigation.

The court concludes that the <u>Cannata</u> decision does not create the broad exception to the Public Records Doctrine asserted by Regions. In <u>Cannata</u>, there was ongoing litigation regarding ownership of certain property. While an appeal was pending, a mortgage on the property was taken. The individual who obtained the mortgage argued that since there was no lis pendens filed in

Page 5

the public records, pursuant to the Public Records Doctrine, his mortgage could not be affected by the ultimate determination of ownership rendered by the appellate court. The court held that the individual was not an innocent third party protected by the doctrine because his attorney was the same attorney involved in the litigation surrounding the property ownership dispute.

The court finds that the <u>Cannata</u> decision is limited to the specific facts of that case. Most importantly, a lis pendens is a notice of a property dispute and there is established jurisprudence that a lis pendens is not necessary when the third person has actual notice of pending litigation. This rationale simply does not apply to a mortgage, and extending <u>Cannata</u> as argued by Regions would undercut the policies underlying the Public Records Doctrine. Even if the Debtor advised Mr. Sims of a prior mortgage, Mr. Sims is entitled to rely on the public records to determine the actual existence of liens and his ranking.

### **2. Debts Secured by Collateral Mortgage**

Next, Regions argues that the majority of the sums which Mr. Sims asserts are due was actually borrowed by TCB Industries, Inc. and not by the Debtor personally. The exhibits attached to Mr. Sims' Motion include copies of the hand notes. While some of the hand notes were in fact executed by TCB Industries, Inc., they included specific and separate references to the collateral mortgage note. The hand notes were properly executed and were

validly secured by the Collateral Mortgage. There is no basis to limit the security interest to amounts loaned personally to the Debtor.  Mr. Sims has submitted sufficient evidence to establish the amount of debt secured by the Collateral Mortgage as a matter of law.

### 3. Conclusion

Based upon the foregoing reasons, the court finds that there is no genuine issue of material fact as to the following: (1) Nathan Sims holds validly perfected security interest in the Debtor's residence, which primes the liens held by Deep South Nursery and Landscape, Ltd., Regions Bank and Gulf South Oilfield Rentals, Inc.; and (2) the amount of the debt secured by such Collateral Mortgage is $330,521.00, plus accrued interest through November 30, 2008, in the amount of $62,176.06, plus continuing accruing interest as well as reasonable attorney fees and costs.

The Motion for Partial Summary Judgment is **GRANTED**.  Counsel for Mr. Sims shall submit an order in conformity with the foregoing ruling within 20 days.

###